Our fourth case this morning is Lewis v. The City of Chicago. Mr. Flaxman. May it please the court, this case is about the two years that Maurice Lewis was detained in the Cook County Jail awaiting trial before all charges against him were dismissed. Mr. Lewis alleges that the reason for his detention were fabrications of evidence by the defendant police officers. He brings two claims about his detention. False false police reports. These were false police reports. Yes. So the officers fabricated evidence and created false police reports containing those fabrications. And as a result, he was indicted and as a result, he was prosecuted and held at the Cook County Jail for two years. The first claim is the Fourth Amendment claim that the Supreme Court recently discussed in the Manuel case. The defendants have conceded that plaintiff's allegations that he was detained as a result of fabricated evidence state a claim under the Fourth Amendment. The second claim is the due process claim, deprivation of liberty based on manufactured evidence. The court's opinion in the Hurt case from two weeks ago confirms the plaintiff's allegations state a claim under the 14th Amendment. Is there any difference between these two claims in terms of the accrual rule? Plaintiff submits that there's no difference, that that's the question that's remaining for this court to decide on the accrual rule. Right. And I ask because we're all awaiting a decision on the remand in the Manuel case, which will decide the Fourth Amendment accrual rule. But is it your position that whatever the court says regarding the Fourth Amendment accrual rule applies equally to the due process claim, given that it's a deprivation of liberty based on a pretrial detention? We don't have a wrongful conviction claim, in other words. Right. I don't think it's we don't necessarily argue that they are exactly the same, that if we were here and Manuel had been decided, we'd be presenting an argument that the due process clause should be treated differently because both of them forward in time. If the accrual rule, according to Manuel, is arrest or, you know, the probable cause hearing, you would argue that it doesn't apply to the due process claim. That would be advanced forward in time to the release and the dropping of charges. Exactly. Because that would be because because the due process claim requires this deprivation of liberty. The deprivation happens far before the release. Right. Why wouldn't the claim accrue when the liberty was lost? Because the deprivation is an element of the claim. It's analogous to false imprisonment where the claim accrues at the end of the deprivation. For purposes of the due process clause, as well as the Fourth Amendment would be your position. That's our position. Yes. In response to Judge Sykes, I'm arguing that it's possible to conceive the two claims differently and to say that if the Fourth Amendment is limited to arrests, the due process claim, which has as an element of it this deprivation of liberty, could be different in terms of the accrual rule. So that that's that is our one theory is based on the false imprisonment, saying that's the most similar common law analog. The other theory that we presented here is a continuing violation theory that every day that Mr. Lewis is detained as a result of this fabricated evidence is another harm. That's the most similar case we've cited is the Turley versus Redenauer case about lockdowns at a prison as a continuing violation. And so that accrues a new every single day that he's in custody. The what's the theoretical framework for that argument? If what we're talking about is a wrongful seizure. Seems to me a seizure is is one thing. It's not a continuing thing. An arrest is one thing. The seizure is discussed in manual as a continued detention. The court's heard case that I mentioned two weeks ago talks about post charging conduct as contributing to the Fourth Amendment violation. I think the same is true for the due process violation where and this is one way in which the due process violation may diverge from the Fourth Amendment claim that there could be probable cause to begin the detention. But later, there's an evidence fabrication that separates the two different claims and is something that's occurring after the deprivation of liberty begins. Well, what's the factual difference? Setting aside the theoretical question, what's the factual difference? The detention is based on the false police reports that I inquired about at the beginning. Yet Mr. Lewis's case, as pleaded in the complaint, we don't have any discovery on what happened after he was charged is about fabrications that preceded the charging and the detention. There are no allegations of additional wrongful conduct on the part of the officers after that point. So it's all I mean, both claims are predicated on the same factual basis, which is the false or misleading police reports. That's that's the complaint in this case. The. It is possible to imagine claims that would be different based on the recognition and hurt of this failure to intervene after the arrest to end what which what was a seizure in violation of the Fourth Amendment. If we were pleading the complaint now, we would add that claim that failure to intervene to prevent the seizure after it's begun. Well, is there a good faith basis to do that factually? Well, there is, because the allegation is that the police reports are fabricated. So every day that the police officers don't go to the prosecutor and confess their fabrications, they're failing to stop that unlawful seizure in violation of the Fourth Amendment and the due process clause. Can I ask you a question about the due process timeliness? So your position is that the due process claim accrues at the time of release, say, is that that's correct. So, you know, the due process clause also applies in the context of deprivation of property. Right. So if the state police deprive someone of property and it's a procedural due process violation, is there no claim until the property is returned? Or wouldn't the claim accrue at the time that the property is seized and the person is deprived of that property? The deprivation of property is a different kind of tort than false imprisonment. And so I think a different rule would apply to that by comparing it to the common law. To conversion or something. Right. And I think that conversion. I'm sorry, I don't I don't have in my fingertips all the rules about how conversion accrues. But conversion does, I believe, have a different accrual rule than false imprisonment. And that's because deprivations of liberty are sometimes treated differently than deprivations of property. The other point that I would make about those two different things is that the court's cases on the deprivation of liberty for evidence fabrication. Cases have have distinguished procedural due process and said that this is a different kind of right to the right to bear trial procedures. I will leave the remainder of my time for rebuttal. The only other point that I if I have not put out there is that, you know, we are presenting this false imprisonment accrual. We've also presented this continuing violation. The malicious prosecution argument that's being made in Manuel is yet another argument that I think would be in favor of Mr. Lewis for accrual of this claim. Thank you. Thank you. May it please the court. The district court properly dismissed this action. Lewis's due process claim is barred by the Supreme Court's decision in Manuel and also by qualified immunity. The Fourth Amendment claim he presses is likewise barred by qualified immunity and both claims are time barred as well. To begin, Lewis's due process claim is foreclosed by the Supreme Court's decision in Manuel. The court held that the alleged fabrication of evidence causing a person to be detained pursuant to legal process while awaiting his criminal trial can give rise to a Fourth Amendment claim but not to a due process claim. What about Hurt? Hurt was a. Specifically rejected that argument. Well, I don't think Hurt addressed it at all. In fact, and in the district court, there was no allegation either in the district. The Hurt opinion says nothing in Manuel changed the general rule that federal constitutional torts are evaluated as under the distinct constitutional provision that's being asserted. And so the Manuel court had nothing to say about a due process deprivation of liberty claim based on fabricated evidence. Well, the Supreme Court specifically said in in Manuel, when legal process itself goes wrong, it cannot extinguish the detainees Fourth Amendment claim or somehow convert that claim into one founded on the due process clause. The court also went on to say if the complaint is that a form of legal process resulted in pretrial detention unsupported by probable cause, then the right allegedly infringed lies in the Fourth Amendment. We can hardly imagine any language that would more clearly express the notion that the type of claim fabrication of evidence resulting in pretrial detention while awaiting criminal trial is only a Fourth Amendment claim. The due process claim, the due process clause does not apply. Now, that's going forward after Manuel. Now, this case obviously occurred prior to Manuel. Right, but just so that I can clarify, so you're asking us to overrule that passage in Hurt that says otherwise? No, I think that that passage is specific as to the law in Indiana in 2012. The law in Illinois was different. In Indiana, the due process cases in this before Manuel, this court did hold that the Fourth Amendment falls out of the case when a person is detained pursuant to legal process. And that the case has to be analyzed under the due process clause. For cases in Illinois, the court held that there is no due process violation because Illinois provides an adequate process, namely malicious prosecution in Illinois. But the cases in Indiana were different. The Indiana cases, including Julian and a case before that as well that we cite in our post, in our 28J letter, specifically indicated that when, that in Indiana there is a due process violation because in Indiana, there's an absolute immunity for police officers who are enforcing the law. So the Illinois law was different. The Hurt case is an Indiana case. Its discussion of the application of due process was absolutely correct with respect to Indiana law, which applied to the claims that issue in that case. But it didn't address Illinois law and it certainly didn't address… The opinion draws no distinction under state law. It certainly does not. And specifically goes to some effort to explain that using the terminology malicious prosecution is irrelevant here. We're talking about an evaluation of constitutional violations and that an allegation of a Fourth Amendment claim based on fabricated evidence can exist alongside an allegation of a violation of due process. In other words, a Fourteenth Amendment deprivation of liberty based on fabricated evidence and that both claims can go forward in the same case without regard to whether you're in Indiana, Illinois, Wisconsin, or any other state. We certainly don't read the language in the Hurt opinion as addressing at all whether a claim could go forward under the due process clause going forward after Hurt. The question is what happened in that case was a pre-Manuel, excuse me, that was a pre-Manuel case. In addition, the issue in these cases is whether or not there's a deprivation of… the due process issue in the case is whether there's a deprivation of liberty without due process. And of course, the case law in Illinois that applied at the time of the officer's actions in this case were Fox and Brooks. And those cases specifically held that there was no due process violation at the time in Illinois because Illinois provided adequate process. There couldn't be a due process violation because Illinois provided adequate process, which was a malicious prosecution claim. Indiana law was different. The Julian case, and I think there was a case called Decker that actually was in effect at the time that the officers in the Hurt case acted, and Decker held that in Indiana there was a due process violation because there was no adequate state remedy because the officers were absolutely immune. So you think Newsom is still good law post-Manuel? No, I think… No, going forward, certainly after… well… At least in Illinois is your argument. The… there's been no… And if state law provides an adequate remedy, there's no due process claim. That's right. I think that's still the law and there's been no case that we've seen that changes that. No case has overruled the Fox and Brooks cases. And of course in this circuit, in order to overrule a case, the case has to be circulated to the full court. Fox, in the main case on which the plaintiffs relied in this case, the Whitlock case, was decided before the officers acted in this case, but it applied only with respect to the fabrication of evidence that resulted in a conviction. And the case law is absolutely… Whitlock did not overrule Fox and Brooks. So you have two situations, whether the fabrication of evidence is presented at a Gerstein hearing pre-trial or whether it's presented at a trial… at the criminal trial itself. When it's presented at the Gerstein hearing, it does not result in a due process violation or a Fourth Amendment violation at the time the officers acted in this case in 2013. That's a qualified immunity argument, not an argument about the current state at all. Right. The current state going forward after Manuel is that it would state a Fourth Amendment violation. It wouldn't state a due process violation, as we say, in any state, not even Indiana anymore, going forward. Not at the time Hurt was decided, but going forward. And the reason it wouldn't state a cause of action going forward is because the language of the Supreme Court's decision in Manuel made clear that the… So, Manuel unsettled Whitlock and the entire Whitlock line of cases? Manuel… And don't you think the Hurt opinion would have made note of that if that were the case? We certainly don't know why the Hurt decision did not address the status of the law going forward after Manuel. We do note that nowhere in that decision did the defendants in that case, the police officers in that case, talk about what the effect of Manuel was and whether or not there was a due process violation going forward. Apparently, it didn't matter to them, to the officers, because at the time that they acted, it was before the Manuel decision came into effect. We also – I see that I'm about ready to lose my time. We also claim – argue that the – both claims were time barred, and there's certainly a difference between the accrual rule that applies to due process and the accrual rule that might apply to the Fourth Amendment claim. In our view, the accrual rule that applies to both claims is the traditional federal accrual rule, which is the claim accrues at the time that the cause of action – at the time that damages began, which is when Mr. Lewis was detained pursuant to legal process, the day that he had his Gerstein hearing. The claim is time barred under that rule. There are no issues concerning the accrual rule with respect to due process that might be applicable to the Fourth Amendment claim, the complexity of those rules as they are raised in the Manuel – in this court on remand. Thank you. We ask the court to affirm the judgment. Mr. Braxman. The only thing I'll return to is the question about a seizure of property claim and that – what we would put forward is that a seizure of property is like an arrest. It's a seizure of a person, but the detention pretrial that we're talking about here is like holding on to the property, and that's a claim that doesn't accrue until the property is released. The arrest claim – I'm sorry, the detention claim here is one that doesn't accrue until the individual is released. Unless there are further questions, we'll rest on our brief for the remainder. Thank you. All right, thank you. Our thanks to all counsel. The case is taken under advisement.